UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 04-214-JBC**

**DEBRA CULTON,**                                                                                                   **PLAINTIFF,**

**V.**                                                          **O R D E R**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                            **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Supplemental Security Income and Disability Insurance Benefits.  On cross motions for summary judgment (DE 10, DE 13), the court referred this action to United States Magistrate Judge James B. Todd who issued the Proposed Findings of Fact and Recommendation (DE 16).  The plaintiff has filed an objection to the Report and Recommendation (DE 17).

When the parties to an action submit objections to the Magistrate Judge's report, the district court reviews the record *de novo*.  28 U.S.C. § 636 (b)(1)(C).

The court, having reviewed the record and being otherwise sufficiently advised, will accept the Magistrate Judge's report and recommendation and affirm the Commissioner's decision.

**The Plaintiff's Objection to the Report and Recommendation**

The plaintiff objects to the Magistrate Judge's report on the ground that the residual functional capacity (RFC) adopted by the ALJ was inappropriate because it

is inconsistent with assessments made by the plaintiff's treating neurosurgeon, Dr. Bean.

Review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision. "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971).

The court finds that there is substantial evidence to support the ALJ's determination of the plaintiff's RFC. Although a treating physician's opinion is entitled to considerable weight, RFC determination is reserved for the Commissioner. *See* C.F.R. § 404.1527(e); *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984). Furthermore, the ALJ's description of the plaintiff's RFC is not inconsistent with Dr. Bean's report.

Dr. Bean opined that the plaintiff should be limited to occasionally lifting no more than 20 pounds, sitting no longer than one hour and standing to shift positions, and occasionally bending or twisting. The ALJ concluded that the plaintiff could lift 10 pounds frequently and 20 pounds occasionally, should have the option to sit or stand at will, could not sit or stand for more than one hour at a time, could not walk or stand for more than two hours per day, and could bend or

2

twist occasionally as long as such motions were not repetitive.[1]  Based on this assessment, the ALJ found that the plaintiff retained the RFC to perform sedentary work.

The ALJ's RFC determination is more detailed than the statement provided by Dr. Bean but, despite the plaintiff's attempts to misconstrue the ALJ's conclusions, is ultimately consistent with and reflects adequate deference to Dr. Bean's opinion.  The plaintiff's objection is without merit because the ALJ's determination is supported by substantial evidence on the record.  Accordingly,

**IT IS ORDERED** that the magistrate judge's Proposed Findings of Fact and Recommendation is **ADOPTED** as the opinion of the court.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 13) is **GRANTED**.

---

[1]The court notes that the plaintiff's characterization of the ALJ's RFC determination in her objection to the report and recommendation is misleading because it is incomplete and rephrases the individual components inaccurately.  For example, in enumerating the admittedly minor discrepancies between the ALJ's determination and Dr. Bean's recommendations, the plaintiff fails to include the ALJ's findings that the plaintiff could lift 20 pounds only on an occasional basis and that the ALJ in fact found that, consistent with Dr. Bean's report, the plaintiff is limited to sitting for one hour at a time.  Furthermore, the plaintiff claims that the ALJ found the plaintiff able to "bend and twist frequently so long as she does not engage in frequent *repetitive* bending or twisting."  In fact, the ALJ stated that the plaintiff can engage in non-repetitive bending or twisting only occasionally.

Signed on August 15, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY